IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DARREN DEWBERRY,                )
                               )
           Petitioner,          )
                               )
                               )        CIV-06-118-L
v.                              )
                               )
JUSTIN JONES, Director,         )
                               )
           Respondent.          )

SUPPLEMENTAL REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner alleges constitutional deprivations

with respect to a disciplinary proceeding conducted at the Oklahoma Halfway House, a

private correctional facility.   Respondent has moved to dismiss the Petition on the ground

that Petitioner has failed to exhaust available state remedies, to which Petitioner has

responded. The matter has been referred to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is

recommended that the Motion to Dismiss be DENIED.

The record presented by the parties shows that on April 23, 2005, Petitioner was

charged with the misconduct offense of menacing and given a copy of the misconduct report.

Petition, Ex. A.  On April 27, 2005, a disciplinary hearing was conducted during which

1

Petitioner was found guilty of the misconduct offense of menacing and sanctions were imposed, including the forfeiture of 365 days of earned credits.  Petition, Ex. C.  Petitioner appealed the decision to the head of the facility, who affirmed the decision, and to the final review authority, the Director of the Oklahoma Department of Corrections ("DOC").  Petition, Exs. C, D.  In response to Petitioner's administrative appeal, the DOC Director's Designee advised Petitioner that he had failed to use the proper form for submitting his appeal, that he was required to use "the current appeal form DOC 060125L effective 5-25-04," and that he had an additional fifteen days after receipt of the proper form to resubmit his administrative appeal.  Petition, Ex. F. However, Petitioner was subsequently advised by letter from the DOC Director's Designee dated September 28, 2005, that "[i]nstead of properly submitting your appeal on a current form, you have now returned the same form that was returned to you on 7-8-05.  As stated in that response, the form will not be accepted and you are now out of time, as you were given only one additional opportunity to resubmit properly."  Petition, Ex. G.  This letter also explained that the previous letter advising Petitioner of the procedural requirements for pursuing an appeal had been mailed to him both at the Oklahoma County Jail where he was in custody prior to July 8, 2005, and at the Lawton Correctional Facility where he was transferred on July 8, 2005.  Id.

In Respondent's Motion to Dismiss the Petition, Respondent states that Petitioner "has not filed a proper appeal to the DOC Appellate Review Authority."  However, Respondent seeks dismissal of the Petition solely due to Petitioner's failure to exhaust the state court

2

judicial remedy provided in Okla. Stat. tit. 57, § 564.1.

Exhaustion of available state remedies is generally required for petitions brought under 28 U.S.C. § 2241. <u>Wilson v. Jones</u>, 430 F.3d 1113, 1118 (10th Cir. 2005); <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").  As the Tenth Circuit Court of Appeals has explained,

> No statutory exhaustion requirement applies to §2241, but case law holds that although section 2241 establishes jurisdiction in the federal court to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

<u>Capps v. Sullivan</u>, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (internal quotation and citations omitted).  "The exhaustion of state remedies includes both administrative and state court remedies." <u>Hamm v. Saffle</u>, 300 F.3d 1213, 1216 (10th Cir. 2002).  Under § 2241, the petitioner bears the burden of showing that he has exhausted available state remedies.  <u>See</u> <u>Hamm v. Saffle</u>, 300 F.3d 1213, 1216 (10th Cir. 2002).

Oklahoma enacted Okla. Stat. tit. 57, § 564.1 in 2005. This new statute expressly provides Oklahoma inmates with a judicial remedy for challenging institutional disciplinary decisions on due process grounds. The Oklahoma statute, which became effective on May 10, 2005, provides in relevant part:

> In those instances of prison disciplinary

3

> proceedings that result in the revocation of earned
> credits, the prisoner, after exhausting
> administrative remedies, may seek judicial review
> in the district court of the official residence of the
> Department of Corrections.

Okla. Stat. tit. 57, § 564.1(A)(Supp. 2005).  The statute delineates the grounds that may be

raised by the inmate in challenging the results of a disciplinary proceeding.  See Okla. Stat.

tit. 57, § 564.1(D).  The statute limits judicial review to a finding whether "due process was

[ ] provided...." and limits relief to another hearing "to provide due process."  Okla. Stat. tit.

57, § 564.1(E).

     In response to Respondent's Motion to Dismiss,  Petitioner asserts that the exhaustion

requirement should be excused because the remedy provided in Okla. Stat. tit. 57, § 564.1

is inadequate.  Without addressing the merits of this claim, Petitioner has not shown that he

has exhausted the administrative remedy available to him through DOC's well-established

procedures. <www.doc.state.ok.us/Offtech/op060125.htm> (Department Inmate Disciplinary

Procedures, DOC OP-060125).  The judicial review procedure established in Okla. Stat. tit.

57, § 564.1 by its express language is not available until an inmate has received a final

disposition from the DOC Director or the Director's Designee in an administrative appeal.

Okla. Stat. tit. 57, § 564.1(A)(1)("The petition [for judicial review] shall be filed within

ninety (90) days of the date the petitioner is notified of the final Department of Corrections

decision in the Department disciplinary appeal process.").  It is premature to address the issue

of Petitioner's exhaustion of the judicial review procedure where he has not accomplished

4

the condition precedent of obtaining a final decision in an administrative appeal.

With respect to his administrative appeal, Petitioner has received notice from the DOC Director's Designee that his administrative appeal time has expired. Thus, it would be futile to require Petitioner to exhaust the administrative review process because the administrative reviewing authority would now find Petitioner's claims procedurally barred, and the administrative reviewing authority's reliance upon DOC's established administrative remedy procedures would reflect an independent and adequate state law ground for the decision. Accordingly, Petitioner's due process claim herein should be deemed exhausted but procedurally barred, see Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Cargle v. Mullin, 317 F.3d 1196, 1212 n. 15 (10th Cir. 2003); Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002), unless Petitioner can show cause for his procedural default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the failure to review Petitioner's claims. Coleman, 501 U.S. at 750; Gilbert v. Scott, 941 F.2d 1065, 1067-1068 (10th Cir. 1991).[1]

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Respondent's Motion to

---

[1]Should Petitioner be found to have shown good cause for his failure to pursue a timely administrative appeal, Petitioner may also have shown good cause for his failure to exhaust the state judicial review remedy. However, any consideration of this second step of the remedial process is premature at this juncture and is reserved for the future.

Dismiss (Doc. # 10) for failure to exhaust state court remedies be DENIED and that

Petitioner be directed to show cause why his cause of action should not be dismissed as

procedurally barred.   The Petitioner is advised of his right to file an objection to this

Supplemental Report and Recommendation with the Clerk of this Court by ___May 11th___,

2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Petitioner is further advised

that failure to make timely objection to this Supplemental Report and Recommendation

waives his right to appellate review of both factual and legal issues contained herein.  Moore

v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation partially disposes of the issues

referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___21st___ day of ___April___, 2006.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE